## McLAUGHLIN v RAWN

Ohio Appeals, 2nd Dist, Franklin Co

No 3398. Decided Oct 17, 1941

Willis H. Liggett, Columbus, for plaintiff-appellee.

Noel E. Greenlee, Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

This case has been in the courts since September, 1936, and the long drawn out litigation is subject to criticism.

The action was one for real estate commission. Issues were joined between the parties with a reasonable degree of promptness. The case was finally submitted to a judge of the Court of Common Pleas, jury being waived. The judge's term of office expired without his having decided the case, and this situation demanded some further arrangement.

By agreement of the parties the case was reassigned and agreement entered into that the cause should be determined on the same evidence as was presented in the original hearing.

Again, a jury was waived. Finding and judgment were entered for the plaintiff.

By appeal, duly filed, the action was presented to us as an error proceeding.

Our Court reversed and remanded on the ground that the trial court had not considered all the evidence according to stipulation. In our remand we ordered that the Court redetermine the cause from all the evidence submitted at the original hearing.

Following our remand the case was redetermined on the evidence, and again resulted in a finding and judgment for the plaintiff. The requisite steps were taken whereby the case reaches us the second time.

The defendant-appellant's assignments of error are set out under four separately numbered and stated specifications, as follows:

1. The decision and judgment of the trial court was and is contrary to law.

2. The trial court erred in overruling defendant-appellant's motion for a new trial.

3. Other errors appearing on the face of the record prejudicial to defendant-appellant.

4. The decision and judgment of the trial court was and is against the manifest weight of the evidence.

The determination of these assignments requires a very full and careful reading of the entire record, including the pleadings, findings of fact and judgment entries.

We will first make a brief statement of facts under which issues were joined.

On or about the 23rd day of July, 1936, the plaintiff and defendant entered into a written contract whereby defendant gave to plaintiff an exclusive listing for three months for the sale of her farm of 114 acres, which writing, among other things, contained the following provisions.

"If you (McLaughlin Realty Company) are successful in finding a purchaser for my property, or if the same be sold or exchanged during the term of your exclusive agency, or is sold within three months after the period of this agency to anyone with whom you have negotiated with respect to a sale during the period of this agency and of whom I have notice, I agree to pay you commission of 5% upon the price at which same may be sold or exchanged."

Plaintiff posted a for sale sign on the premises near the public highway. He also caused to be published in a Columbus newspaper a for sale ad, giving location and naming agency.

A Mrs. Johnson, her daughter and son-in-law, called at plaintiff's office and talked to them relative to the farm. They had seen the ad in the Columbus newspaper.

On August 11, 1936, Mrs. Rawn wrote a letter to the McLaughlin Realty Company, advising that she desired to withdraw her farm from the for sale list, for the reason that her son-in-law had been a tenant and was leaving, and she had rented the farm. Not hearing from the McLaughlin Realty Company she went to the office on the 14th and there contacted Mr. Murdock, a representative of the Realty Company, and inquired about the receipt of her letter. Mr. Murdock advised that the office had received the letter, but that he could not make the release until he had talked with plaintiff's son, who had charge of the Columbus office.

On the 17th, Mrs. Rawn again returned to the Columbus office and on that occasion received her executed written listing with the word "cancelled" written across it. The trial Court finds that upon the same day she executed her contract of sale, through which the premises, with the exception of a house and one acre of ground, were sold to Mrs. Johnson, her daughter and son-in-law, for the sum of $15,000.00.

The record disclosed that a great deal of controversy revolves around the question of the date of the contract of sale entered into between Mrs. Rawn and Mrs. Johnson, her daughter and son-in-law. These contracts were prepared in duplicate and both copies were introduced in evidence. Each bears evidence that the date was originally made to read 17, and the 1 was then changed to a 2. Both sides consider their respective claims as to this claim very important. Defendant introduced evidence that the change was made at the very time that the contracts were executed; that the attorney for Mrs. Johnson, who drafted the two copies upon printed blanks, erroneously inserted the date as 17, and when his attention was called to it made the change of the 1 into a 2.

Plaintiff in his petition sought recovery under their listing contract. Mrs. Rawn in her answer alleged that the listing contract had been cancelled prior to the time of making conveyance.

and further that she had no knowledge of any contacts between the McLaughlin Realty Company and Mrs. Johnson, her daughter and son-in-law.

Plaintiff's reply. while admitting the return of the listing contract to Mrs. Rawn, alleged that the same was obtained through artifice, misrepresentation and fraud.

Under the first assignment of error, counsel for defendant-appellant sets out eight separate subdivisions, listed as A, B, C, D, E. F, G, and H. Subdivisions A, B, C, D, and E are identical with the same assignments of error submitted and determined when the case was previously before us. This situation is recognized by counsel for appellant, and he very frankly makes the statement that he understands that our prior announcement must be accepted as the law of the case, yet in the interest of saving his record he is again presenting and preserving the same questions. Other than saying that we adhere to our former holding, we need make no further comment.

Under subdivision F, complaint is made that the trial Court failed to consider or determine the issues of claimed fraud, artifice and misrepresentation in the cancellation of the listing agreement.

It is true that the trial Court on his separate findings of fact and law does not specifically mention the words, "fraud, artifice or misrepresentation". This is not essential if the findings of fact by a necessary inference support the allegations of fraud, artifice or misrepresentation.

The Court found that the defendant, Mrs. Rawn, as early as August 12, 1936, knew that Mrs. Johnson, her daughter, and son-in-law. were interested in purchasing the farm.

Under numbered paragraph 9 of the finding of facts, is stated the following:

"Said surrender and cancellation of said listing agreement was made after the plaintiff had negotiated with respect to a sale of defendant's premises during the period of said agency contract with the purchasers of which defendant had notice and to whom she sold the premises on the same day she secured the return of her contract with the plaintiff."

Other language in the finding of facts has a bearing but not of sufficient importance to incorporate in the opinion.

Considering the findings as a whole, we determine that they adequately support the issues of fraud, artifice and misrepresentation.

Specifications G and H are so closely related to subdivision F that we do not deem it necessary to make any further comment.

We find no prejudicial error in assignment No. 1, including its subdivisions.

Counsel for appellant in his brief makes no comment under assignments of error Nos. 2 and 3.

The fourth assignment as heretofore noted, is predicated entirely upon the question of the weight of the evidence. This ground of error is presented with great skill and ingenuity.

It is not infrequent that we have presented to us what may be termed borderline cases. and we think this case may be included in that class. Had the trial Court resolved the factual questions in favor of the defendant, our problem would not have been lessened and we would still classify it as a borderline case.

There is much conflict in the evidence. A great deal of this conflict is not necessarily due to intentional misstatement but a natural forgetfulness, particularly as to dates. Dates play a very important part in the determination of this case. It is a matter of common knowledge that few people remember dates with exactness.

The determination of the factual questions was one for the trial Court, a jury having been waived. He saw and observed the witnesses and thereby was better able to determine their credibility and the weight to be given to their testimony. We are unable to say that the trial Court was wrong. The record contains sufficient evidence to support the finding and judgment ac-

cording to the prescribed rule of proof. However, entry should be modified to show cancellation of contract set aside.

Finding no prejudicial error, the judgment of the trial Court will be affirmed and the cause remanded for further proceedings according to law.

Costs in this Court will be adjudged against the appellant.

GEIGER, PJ. and HORNBECK, J., concur.